## DAVIS v. GOFORTH.

CHANCERY. *Jurisdiction. Execution. Sale of a remainder or reversionary interest in realty.* The interest of a debtor in land under a devise to his mother for life, and at her death "to be equally divided between her children, and to belong to them, their heirs and assigns forever, may be levied on by execution during the life of the mother, and a levy on "the defendant's undivided interest" in the land, describing it sufficiently, is good.

### FROM SEVIER.

Appeal from the Chancery Court at Sevierville. O. P. TEMPLE, Ch.

SWAN for complainant.

PICKLE for defendant.

COOPER, J., delivered the opinion of the court.

This is an ejectment bill to recover land sold by execution under judgments against the defendant. The reason for coming into equity was, that the defendant's

interest in the land depended upon his grandfather's will, the record of which had been destroyed by fire, and that the defendant had a copy. The copy is produced, and shows that the land was devised to defendant's mother for life, "and at her death to be equally divided between her children, and to belong to them, their heirs and assigns forever." The mother had nine children, one of whom had died before the levy on the land, leaving the others as his heirs. The levy was in 1870, the sale in 1872, and the death of the mother in 1874. The eight remaining children survived the mother, and the bill was filed shortly thereafter.

Whether a member of a fluctuating class of persons, to whom property is devised after a life estate, would take such an interest as would be leviable by execution, may admit of some doubt. *Womack* v. *Smith*, 11 Hum., 478; *Connell* v. *McKenna*, 1 Tenn. Legal Reporter, 188. But it is well settled that anything that indicates an intention on the part of the testator that one or more individuals of the designated class shall enjoy a several interest, is sufficient to give to all of the class a vested and transmissible estate. *McClung* v. *McMillan*, 1 Heis., 655. The closing words of the devise under consideration, shows that the testator was not looking alone to his children as a class, but as individuals whose heirs and assigns might, in some contingencies, take. Each child clearly took a vested interest in remainder in the land, and the eight surviving children inherited the share of their deceased brother as his heirs.

Davis *v.* Goforth.

A vested estate in remainder in land may be levied on and sold by execution against the remainder-man. *Kelly* v. *Morgan,* 3 Yer., 437 ; *Wiley* v. *Bridgman,* 1 Head, 69.   In the first of these cases the levy seems to have been general on the " interest" of the defendant in the land in controversy.   And no sound reason occurs why such a levy would not be good in this as in any other case.   To require our public officers to specify exactly the interest of the defendant in property levied upon would unnecessarily clog the satisfaction of judgments, and run counter to authority.   A levy on all the defendant's right, title and interest in land is the usual form.   Freem. on Ex., sec. 280.   The second head note in *Kissom* v. *Nelson,* 2 Heis., 4, is not justified by the facts of the case, the court holding that the title to the land in dispute was retained by the grantor and had not passed to the execution debtor. The levy in this case was on " the defendant's undivided interest" in the land, describing it sufficiently, and is good.

The complainant is entitled to the relief asked for, and to an account for rents, for which purpose the cause may be remanded.   The defendant will pay all costs.